UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOMENICA CALIFANO, Individually and as Legal
Guardian of P.C., an Infant Over the Age of 14      COMPLAINT AND
Years,                                              JURY TRIAL DEMAND

                Plaintiffs,

-against-

DETECTIVE ARLINE E. BUTTS, Shield No. 1287,
SERGEANT JAMES P. CRAWFORD, Shield No. 761,
and DETECTIVE JASON GREEN,

                Defendants.
------------------------------------------------------------------X

    Plaintiffs, DOMENICA CALIFANO, individually and as legal guardian of P.C., an infant over the age of fourteen years, by their attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

    1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

    2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

    3. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

## VENUE

    4. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

5. Plaintiffs hereby demand a trial by jury of all issues in this action that are so triable.

## PARTIES

6. At all times relevant hereto, plaintiff DOMENICA CALIFANO was and is a natural person, resident in Oceanside, Town of Hempstead, County of Nassau, State of New York.

7. At all times relevant hereto, the infant plaintiff P.C. was and is a natural person, resident in Oceanside, Town of Hempstead, County of Nassau, State of New York, and was and is an infant over the age of fourteen years.

8. Plaintiff DOMENICA CALIFANO is the legal guardian of her niece, the infant plaintiff, P.C., pursuant to an order of the Family Court of the State of New York, County of Nassau, decided on September 1, 2017, and entered in the office of the clerk of said court on November 6, 2017.

9. At all times relevant hereto, defendant DETECTIVE ARLINE E. BUTTS, Shield No. 1287, (hereinafter "BUTTS") was and is a natural person, employed as a detective by the Police Department of the County of Nassau.

10. At all times relevant hereto, defendant SERGEANT JAMES P. CRAWFORD, Shield No. 761, (hereinafter "CRAWFORD") was and is a natural person, employed as a sergeant by the Police Department of the County of Nassau.

11. At all times relevant hereto, defendant DETECTIVE JASON GREEN (hereinafter "GREEN") was and is a natural person, employed as a detective by the Police Department of the County of Nassau.

12. The defendants are sued in their individual capacities.

## AS AND FOR A CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS
## (42 U.S.C. §1983)

13. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "12" hereinabove as if more fully set forth at length herein.

14. On or about September 7, 2017, plaintiff DOMENICA CALIFANO obtained an order of protection against a neighbor, since deceased, who had been harassing her.

15. On or about September 16, 2017, following two incidents in which the aforementioned neighbor had verbally harassed plaintiff and the infant plaintiff and had later tried to run a motor vehicle, in which they were both present, off the road, both plaintiffs went to the stationhouse of the Fourth Precinct of the Nassau County Police Department and signed sworn statements alleging that the aforementioned neighbor had violated the order of protection.

16. Defendant BUTTS allegedly conducted an investigation of the allegations made by the plaintiff and the infant plaintiff.

17. At the conclusion of her investigation, defendant BUTTS claimed that she had reviewed video surveillance tapes, the contents of which contradicted the allegations, made in their sworn statements, by the plaintiff and the infant plaintiff.

18. Based upon her claim that the aforementioned video evidence contradicted the sworn statements of plaintiff and the infant plaintiff, defendant BUTTS, on October 18, 2017, assisted by defendant GREEN, arrested the infant plaintiff while she was at school.

19. While the infant plaintiff and defendants BUTTS and GREEN were still present at the infant plaintiff's school, the infant plaintiff requested that she be permitted to call plaintiff.

20. Defendant BUTTS denied the infant plaintiff's request to call plaintiff.

21. Defendant BUTTS transported the infant plaintiff to the stationhouse of the Fourth Precinct.

22. Plaintiff did not learn that the infant plaintiff had been arrested by defendants BUTTS and GREEN until she went to pick her up after school.

23. Plaintiff learned that the infant plaintiff had been arrested by defendants BUTTS and GREEN and taken to the Fourth Precinct stationhouse.

24. Plaintiff called the stationhouse and spoke to defendant BUTTS, who told her to come to the precinct to pick up the infant plaintiff.

25. Correctly suspecting a trap by defendant BUTTS, plaintiff sent her sister and her brother, who is the infant plaintiff's father, to the precinct to pick the infant plaintiff up.

26. However, when plaintiff's sister and brother arrived at the precinct, at approximately 3:00 P.M., defendant BUTTS refused to release the infant plaintiff to their custody and sent them home.

27. When plaintiff learned that the infant plaintiff had not been released, she telephoned an attorney.

28. The aforementioned attorney telephoned the precinct and spoke to defendant BUTTS.

29. During his conversation with defendant BUTTS, plaintiff's attorney was able to arrange for plaintiff's sister to go back to the precinct and pick up the infant plaintiff and for plaintiff to surrender herself, in the company of her attorney, at the stationhouse on October 23, 2017.

30. Plaintiff's sister went back to the stationhouse, retrieved the infant plaintiff, and brought her home.

31. Despite the agreement reached with defendant BUTTS for plaintiff to surrender herself with her attorney present on October 23, defendant CRAWFORD, accompanied by other police officers, came to plaintiff's house on Saturday, October 21, 2017, displayed his weapon and forcibly arrested plaintiff. As she was being arrested, plaintiff, who is diabetic, fainted.

32. Plaintiff was transported to Nassau University Medical Center, then to County Police Headquarters, and then to Nassau County District Court in Hempstead, where she was arraigned on October 22, 2017.

33. The infant plaintiff was falsely and maliciously charged by defendant BUTTS with two A misdemeanors, namely making a punishable false written statement and falsely reporting an incident in the third degree.

34. All charges against the infant plaintiff were dismissed after she was compelled to make two appearances in Nassau County Family Court.

35. Defendant BUTTS falsely and maliciously charged plaintiff with four violations of the penal law, all of which are A misdemeanors. They were: conspiracy in the fifth degree; making a punishable false written statement; falsely reporting an incident in the third degree; and endangering the welfare of a child.

36. Defendant CRAWFORD falsely and maliciously charged plaintiff with obstructing governmental administration in the second degree, which is an A misdemeanor.

37. Plaintiff was compelled to appear in Nassau County District Court a total of eighteen times on the aforementioned charges falsely and maliciously brought against her by defendants BUTTS and CRAWFORD.

38. During the course of the criminal proceeding brought against plaintiff, her attorney was able to view the videotapes that defendant BUTTS alleged in the criminal complaints against plaintiff and the infant plaintiff that she had prepared, provided probable cause for their arrests.

39. However, the evidence contained in the videotapes supported the plaintiff's and infant plaintiff's description of the events of September 16, 2017, and showed that the version of the contents of the tape that had been alleged by defendant BUTTS was false.

40. Based upon the actual evidence contained in the videotapes that defendant BUTTS had falsely and maliciously claimed had contradicted the sworn statements of plaintiff and the infant plaintiff, all charges against plaintiff were dismissed and sealed on August 29, 2018.

41. Defendants BUTTS, GREEN and CRAWFORD violated plaintiff's and the infant plaintiff's rights, guaranteed to them by the fourth amendment to the Constitution of the United States in that, acting under color of state law, they, without any cause or provocation whatsoever, falsely arrested and imprisoned them and maliciously prosecuted them.

42. Defendant BUTTS violated plaintiff's and the infant plaintiff's rights, guaranteed to them by the fourteenth amendment to the Constitution of the United States in that, acting under color of state law, she, without any cause or provocation whatsoever, intentionally provided false information to the District Attorney, which false information led to the arrest and prosecution of plaintiff and the infant plaintiff, thereby depriving them of due process, in that they were deprived of their right to a fair trial.

43. Because of the aforementioned acts committed against them by defendants BUTTS, GREEN and CRAWFORD, plaintiff and the infant plaintiff each suffered a

deprivation of her right to be arrested, prosecuted and imprisoned only with probable cause and without malice, guaranteed to them by the fourth amendment to the Constitution of the United States, and, as a result, suffered a deprivation of their liberty; suffered, and continue to suffer, severe emotional and physical injuries; and incurred expenses for legal representation.

44. Because of the aforementioned act of intentionally and maliciously misrepresenting evidence transmitted to the District Attorney committed by defendant BUTTS, plaintiff and the infant plaintiff each suffered a deprivation of her right to a fair trial guaranteed to them by the fourteenth amendment to the Constitution of the United States and, as a result, suffered a deprivation of their liberty; suffered, and continue to suffer, severe emotional and physical injuries; and incurred expenses for legal representation.

45. By reason of the aforementioned unconstitutional and illegal actions taken against them by the individual defendants to this action, plaintiffs have been damaged in an amount sufficient to compensate them for their injuries as enumerated hereinabove and, in addition, seek punitive damages against defendants BUTTS, GREEN and CRAWFORD.

WHEREFORE, plaintiffs, DOMENICA CALIFANO, individually, and as legal guardian of P.C., an infant over the age of fourteen years, demand judgment against defendants, DETECTIVE ARLINE E. BUTTS, Shield No. 1287, SERGEANT JAMES P. CRAWFORD, Shield No. 761, and DETECTIVE JASON GREEN, in an amount sufficient to compensate them for the injuries suffered as enumerated hereinabove and seek punitive damages against defendants BUTTS, CRAWFORD and GREEN.

In addition, plaintiffs demand the costs and disbursements of this action, including their attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
       June 8, 2020

                                      _/s/ Alan D. L._
                                      ALAN D. LEVINE, ESQ.
                                      Attorney for Plaintiffs
                                      80-02 Kew Gardens Road, Suite 307
                                      Kew Gardens, New York 11415
                                      (718) 793-6363
                                      File No: 2445